IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD RAGLAND, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | Civ. No. 16-1272-JDT-egb |
| VS. | ) | Crim. No. 03-10018-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Reginald Ragland. For the reasons stated below, the Court DENIES Ragland's § 2255 motion.

On April 21, 2003, a federal grand jury returned a one-count indictment charging Ragland with possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). (No. 03-10018, Crim. ECF No. 1.) Trial began on December 15, 2003, and on December 17, 2003, the jury returned a verdict of guilty. (*Id.*, Crim. ECF Nos. 40, 42 & 46.) At a hearing on March 24, 2004, the Court sentenced Ragland to a 300-month term of imprisonment, to be followed by four years of supervised release. (*Id.*, Crim. ECF No. 53.) Judgment was entered on March 25, 2004. (*Id.*, Crim. ECF No. 54.) On appeal, the Sixth Circuit vacated the sentence and remanded for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005). (*Id.*, Crim. ECF No. 65, *United States v. Ragland*, No. 04-5383 (6th Cir. July 12, 2005).)

At a re-sentencing hearing on October 12, 2005, the Court determined that Ragland qualified as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines. The Court then departed upward from the advisory guideline range and sentenced Ragland to the statutory maximum of 480 months in prison, to be followed by four years of supervised release. (*Id.*, Crim. ECF No. 74.) The Sixth Circuit affirmed. *United States v. Ragland*, 226 F. App'x 507 (6th Cir. 2007), *cert. denied*, 552 U.S. 1102 (2008).

On June 3, 2016, Ragland sought leave in the Sixth Circuit to file a second or successive § 2255 motion, which the Court of Appeals denied as unnecessary because Ragland had not filed any previous § 2255 motions. (ECF No. 1, *In re Ragland*, No. 16-5766 (6th Cir. Sept. 20, 2016).) The § 2255 motion was then docketed in this Court.

Ragland's § 2255 motion and supplemental memorandum[1] raise the following issues:

1. Whether his conviction was obtained by evidence seized pursuant to a warrantless search and arrest that were invalid under the Fourth Amendment;

2. Whether the quantity of drugs attributed to him and the application of a 2-level offense increase for obstruction of justice violated his Sixth Amendment right to a jury trial;

3. Whether the Court's upward departure from the applicable guideline range was constitutionally permissible; and

4. Whether his sentence is constitutionally invalid under the decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

---

[1] On December 27, 2016, Ragland filed a motion to supplement his § 2255 motion. (ECF No. 6.) He filed a duplicate copy of the same motion on January 3, 2017. (ECF No. 7.) However, the motion to supplement does not seek to raise any additional issues. Instead, Ragland seeks only to rely on the decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), as additional authority to support his claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). As such, the motion to supplement with additional authority is GRANTED.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

With regard to Claims One, Two and Three, Ragland's § 2255 motion is time barred. Twenty-eight U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Following re-sentencing and the Sixth Circuit's affirmance on direct appeal, Ragland's conviction became final on January 7, 2008, when the U.S. Supreme Court denied his petition for writ of certiorari. Therefore, the one-year period for filing a § 2255 motion expired on January 7, 2009. The present § 2255 motion was filed on June 3, 2016, more than six years later.

The statute of limitations for § 2255 motions is subject to equitable tolling. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013). In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court made it clear that equitable tolling is appropriate "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Ragland does not argue that equitable tolling would be appropriate as to Claims One, Two or Three. Therefore, those claims are untimely.[2]

In Claim Four, Ragland argues that he is entitled to relief under *Johnson* and *Mathis*. The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.*, § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force

---

[2] The fact that Ragland's claim under *Johnson* was timely filed under § 2255(f)(3) does not automatically allow him to revive other claims that were already time-barred.

4

against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*, § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson* the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Ragland was not sentenced under the ACCA. Instead, the Court used the career offender guideline, U.S.S.G. § 4B1.1, as the starting point for an upward departure to the statutory maximum. The career offender guideline provides that a defendant who is convicted of "a felony that is either a crime of violence or a controlled substance offense" qualifies for an increased sentence if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). At the time of Ragland's re-sentencing, the definition of "violent felony" in the career offender guideline contained a residual clause that was identical to the residual clause in the ACCA. § 4B1.2(a)(2) (2003).[3] Ragland thus argues that his sentence is invalid because the residual clause in the career offender guideline is also unconstitutionally vague.

Ragland's argument is foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886, 892-95 (2017), in which the Supreme Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. As stated, Ragland was re-sentenced under the

---

[3] Following the decision in *Johnson*, the U.S. Sentencing Commission amended § 4B1.2(a)(2) to remove the language that was held to be unconstitutionally vague. *See* Amendment 798 (effective Aug. 1, 2016). However, the Commission has declined to make the amendment retroactive. *See* U.S.S.G. § 1B1.10(d) (2016).

5

advisory guidelines, after the decision in *Booker*. Therefore, the Court's prior determination that he had at least two predicate offenses under § 4B1.2(a) was not affected by either *Johnson* or *Mathis*.

Ragland's § 2255 motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are without merit for the reasons previously stated. Because any appeal by Ragland on the issues raised in his § 2255 motion do not deserve attention, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Ragland would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Ragland files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE